BANCROFT, (ADAMS v.) See Case No. 44.

---

## Case No. 834.

### BANCROFT v. The AMERICA.

[N. Y. Times, Aug. 20, 1853.]

District Court, N. D. New York. Aug., 1853.

MARITIME LIENS—PRIORITY — DAMAGES FOR COLLISION.

[1. The claim of a libellant for damages occasioned by collision is a maritime lien upon the vessel at fault, or a charge or privilege which gives him substantially the same rights and remedies.]

[2. Maritime liens on a vessel sold under the order of a court of admiralty should, as a general rule, be paid out of the proceeds, in the inverse order of the dates of their creation.]

[3. The liens governed by this rule include wages, pilotage, towage, wharfage, claims for salvage, bottomry, damages for collision, and claims for materials.]

[4. But this order of preference should only be followed when the liens all belong to the same class.]

[5. No difference exists between seamen's wages for the same season of navigation on the lakes, or between the claims of material men who are concurrently giving credit in fitting out a vessel for a voyage, or preparing her for business at the commencement of a season. A season of navigation on the lakes may be assimilated to a voyage on the high seas.]

[6. In a libel in rem, all persons have a right to intervene for their interest, and the suit is, in substance, against such persons, as much as if they were specially named defendants. They are bound by the proceedings and decree, and a sale of the res under such proceedings extinguishes their rights.]

[7. A creditor who obtains a final decree before other creditors having co-ordinate claims have taken action is entitled to be paid in preference to those who do not assert their claims.]

[8. The claims of the holders of bottomry bonds, material men, and a libellant for damages for collision, are of equal rank, and are subject to the general rules of priority and preference.]

[Libel in rem by De Witt C. Bancroft against the steamboat America, J. W. Phillips, claimant.]

Before HALL, District Judge.

HALL, District Judge. The vessel of the libellant having been sunk by a collision with the America on Lake Erie, July 12th, 1852, a libel was filed to recover the damages,

and on the 14th of December, 1852, $10,000 (ten thousand dollars) was awarded to him for the said damages. The America was sold, by order of court, September 10th, 1852, and the proceeds, amounting to $10,950, brought into registry.

Before the above mentioned decree was made, suits were commenced by seamen to recover wages, and so, after the sale, they were paid out of the fund without opposition. A suit was also commenced Oct. 2nd, 1852, to recover damages occasioned by a previous collision of the America, and those whose liens attached subsequent to the collision with the libellant's vessel, and which had possession of the America, and common-law liens, or liens under the state statute, were also directed to be paid out of the fund, though opposed by the collision claimant. The libellant then claimed, by petition, the whole residue of the fund, on the ground that he was entitled to preference over all the other parties.

Held, that the claim of the libellant for the damages occasioned by the collision was a maritime lien upon the America, or a charge or privilege which gave him substantially the same rights and remedies.

The maritime liens upon a ship sold under the order of a court of admiralty should, as a general rule, be paid out of the proceeds in the inverse order of the dates of their creation. These include wages, pilotage, towage, wharfage, claims for salvage, bottomry, damages for collision, and materials.

That this order of preference should be followed only when the liens all belong to the same class. But it is not intended to decide that a bottomry bond executed by the owner, or claims under contracts of freightment, are to be paid in the same order as though they were liens arising out of it, or founded upon the necessities of the ship. Nor is it intended to declare that any difference will be made between seamen's wages for the same season of navigation on the lakes, or between the claims of material men who are concurrently giving credit to a vessel, in fitting her out for a voyage, or preparing her for business, at the commencement of a season. A season of navigation on the lakes may be assimilated to a voyage.

This is a suit in rem, all persons having a right to intervene for their interest, and the suit is in substance against such persons, as much as if they were specially named as defendants. That they are bound by the proceedings and decree, and by a sale of the res under such proceedings their rights therein being extinguished.

That a creditor who obtains a final decree before other creditors having co-ordinate or equal claims have brought their actions is entitled to be paid in preference to those who do not assert his claim; the intervention of a creditor, for the purpose of obtaining payment of his claim, concurrently with or in exclusion of the libellant being in the nature

of a defence to the adverse claim of the libellant.

That the claims of bottomry bondholders and material men are of equal validity, and should be subject to the same general rules of priority and preference, and that the libellant's claim for damages should be considered of equal rank with the latter.